UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK MCCLOUD,

    Plaintiff,

v.

OFC. MOSELY, DR. VONN, PIERCE COUNTY MEDICAL DEPT., ST. JOSEPH HOSPITAL X-RAY DEPT., DOC SHELTON (WCC) MEDICAL DEPT.,

    Defendants.

CASE NO. C13-5675 RBL/KLS

ORDER TO SHOW CAUSE OR TO AMEND

Before the Court for review is Plaintiff's proposed civil rights complaint. ECF No. 6. Plaintiff has been granted leave to proceed *in forma pauperis*. ECF No. 5. On August 21, 2013, Plaintiff requested an extension of the Clerk's deadline to submit a service address list. ECF No. 7. The Court has determined that it will not direct service of Plaintiff's complaint at this time because it is deficient. However, Plaintiff will be given an opportunity to file an amended complaint. Therefore, Plaintiff's motion for extension of time (ECF No. 7) shall be denied as moot in light of the deadline set forth herein for the filing of an amended complaint.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a

defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

Plaintiff purports to sue Officer Mosely of the Tacoma Police Department, Dr. Vonn (an orthopedic surgeon), Pierce County Medical Department, St. Joseph Hospital X-Ray Department, and the Washington Corrections Center (WCC) Medical Department. ECF No. 6, pp. 3-4. Plaintiff alleges that on February 20, 2009, he suffered injury to his ankle during his arrest when Tacoma Police Officer Mosely shoved him into the police car. He was taken to St. Joseph Hospital for x-rays, but because Officer Mosely refused to remove his cuffs, the x-ray was incomplete. Based on the incomplete x-ray, the St. Joseph X-Ray Department misdiagnosed

a severe sprain. At the Pierce County Jail, medical staff gave Plaintiff Vicodin, Percocet, and morphine over a three week period. When his ankle did not improve, Pierce County Jail medical staff took another x-ray and determined that Plaintiff's ankle was broken. Plaintiff was then seen by Dr. Vonn, an orthopedic surgeon, who also took x-rays and told him that he should have had surgery the same day of his injury. Surgery was performed and two four and one-half screws were placed in his ankle. In April 2009, Plaintiff was transferred to WCC where medical staff took x-rays and noticed a malformation of his tibia. They put him under anesthesia to remove the two screws but did not fix his tibia. ECF No. 6, pp. 3-4.

Plaintiff alleges that sometime in 2009, he hired a personal injury lawyer who was supposed to have filed a lawsuit on his behalf, but who ceased representing him in August 2010. *Id.*, pp. 4-5. Plaintiff's allegations against all of the defendants allegedly occurred on or before April 2009. *Id.*, p. 4. Plaintiff seeks $2 million in compensatory "and/or punitive damages." *Id.*, p. 11. Plaintiff claims that all of the defendants "acted with deliberate disregard when [they] failed to provide medical care" in violation of the Fifth and Eighth Amendments. *Id.*, pp. 9-10.

Based on these allegations, Plaintiff has failed to state a viable claim under 42 U.S.C. § 1983.

The Court will grant Plaintiff an opportunity to file an amended complaint so that he may attempt to cure his deficient complaint. Plaintiff is advised that in order to state a claim under 42 U.S.C. § 1983, a complaint must establish "the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not provide a cause of action for violations of state law. *See Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001).

Plaintiff must clarify whether he has any basis for pursuing a claim under § 1983.  In the amended complaint, Plaintiff must write out short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that person's conduct.  See *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).  If the person named as a defendant was a supervisory official, Plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or Plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further harm to Plaintiff and also state facts to support this claim.  *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Plaintiff must repeat this process for each person he names as a defendant, including any "John Doe" and "Jane Doe" defendants.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the claim against that defendant will be dismissed for failure to state a claim.  Conclusory allegations that a defendant or a group of defendants have violated a constitutional right are not acceptable and will be dismissed.  To avoid dismissal for failure to state a claim, Plaintiff must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-557, 127 S.Ct. 1955, 167 L.Ed.Ed. 929 (2007).  A claim upon which the court can grant relief has facial plausibility; in other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949.

In the following paragraphs, the legal standards that *may* apply to Plaintiff's claims are set forth. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**A.     Liability of Parties**

**(1)     Pierce County Medical Department**

A governmental agency such as the Pierce County Medical Department normally cannot be sued under § 1983. *See Howlett v. Rose,* 496 U.S. 356, 365 (1990). The proper defendant is Pierce County. However, to hold such a municipality liable, Plaintiff must show the municipality itself violated his rights or that it directed its employee(s) to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994). Under this theory of liability, the focus is on the municipality's "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's Officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690). A local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). In order to sue a local governmental entity, a plaintiff must allege facts showing that any constitutional deprivation he suffered was the result of a custom or policy of the local governmental unit. *Id.*

If it is not Plaintiff's intent to sue the municipality, then he must name the person or persons within the Pierce County Jail Medical department who allegedly caused him harm or show cause why he cannot name them. Plaintiff should describe what occurred, when it occurred, how person or persons failed to provide him with adequate medical care, and how he was harmed. To be liable for "causing" the deprivation of a constitutional right, the particular

1 | defendant must commit an affirmative act, or omit to perform an act, that he or she is legally
2 | required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743
3 | (9th Cir. 1978).

4 |   **2)  WCC Medical Department**

5 |   "Neither a State nor its officials acting in their official capacity are 'persons' under §
6 | 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45
7 | (1989). Likewise, "arms of the State" such as the Department of Corrections or "WCC Medical
8 | Dept." are not "persons" amenable to suit under 42 U.S.C. § 1983. *Id*., at 70. Accordingly,
9 | claims against the DOC would be subject to dismissal.

10 |   Plaintiff must name the individual or individuals within the WCC Medical Department
11 | who caused or personally participated in causing him harm. He must describe what each
12 | individual did, when they did it, and describe how this harmed him.

13 |   **3)  Private Physicians and Hospitals**

14 |   Plaintiff names Dr. Vonn and the St. Joseph Hospital X-Ray Department as defendants.
15 | However, the Ninth Circuit has consistently determined that private hospitals and doctors in §
16 | 1983 claims fail to come within the color of state law. *See Briley v. State of Cal*., 564 F.2d 849,
17 | 855–56 (9th Cir.1977) (private hospitals not acting under color of state law unless the state is
18 | significantly involved in the private party's activities); *Watkins v. Mercy Med. Center*, 520 F.2d
19 | 894, 896 (9th Cir.1975).

20 |   The Supreme Court has concluded, in the prison context, that private individuals who
21 | contract with the state to provide services to inmates can, in some circumstances, be considered
22 | state actors. For example, a physician under contract to provide medical services to inmates was
23 | a state actor for purposes of § 1983. *West v. Atkins*, 487 U.S. 42, 55–56, 108 S.Ct. 2250, 101
24 |

L.Ed.2d 40.  The court found determinative the fact that the state had a duty to provide adequate medical care to prisoners and that the state had delegated this duty to a private contractor.  *Id*.

Here, however, Plaintiff has not plead facts sufficient from which it may be determined that Dr. Vonn or St. Joseph Hospital X-Ray Department were "under contract" with the state or that they were obligated to treat Plaintiff because of his status as an inmate.

**B.      Fifth Amendment Claims**

Plaintiff claims that the various defendants failed to provide him medical care in violation of the Fifth Amendment.  The due process clause of the Fifth Amendment, states that no person shall be deprived of life, liberty, or property, without due process of law.  Plaintiff's Fifth Amendment claim fails as a matter of law, because the Fifth Amendment due process clause does not apply to actions by local police officers or municipalities.  "[T]he Fifth Amendment's due process clause only applies to the federal government," not state or local law enforcement officials.  *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir.2008); *see also Castillo v. McFaddan*, 399 F.3d 993, 1002 n. 5 (9th Cir.2005) ("[Plaintiff's] citation of the Fifth Amendment was, of course, incorrect.  The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.").

**B.      Eighth Amendment**

To establish a constitutional violation under the Eighth Amendment due to inadequate or denial of medical care, a plaintiff must show "deliberate indifference" by prison officials to a "serious medical need."  *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  Deliberate indifference to a prisoner's medical needs is defined by the Court as the "unnecessary and wanton infliction of pain."  *Id*.  Indifference proscribed by the Eighth Amendment may be manifested by a prison doctor's response to the prisoner's need, by the

intentional denying or delaying access to medical care, or the intentional interference with treatment once prescribed. *Id.* "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

**C.     Statute of Limitations**

The "appropriate statute of limitations for a 42 U.S.C. § 1983 claim is the forum state's statute of limitations for tort actions." *Wilson v. Garcia*, 471 U.S. 261, 269 (1985). "In Washington, that would be three years." *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir.1989) (citing RCW 4.16.080(2)). The statute of limitations runs from each discrete act. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Plaintiff signed his complaint on July 29, 2013. ECF No. 6. *See, Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245, (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir.2009) (*Houston* mailbox rule applies to Section 1983 complaints filed by pro se prisoners).the date a document is provided by a pro se prisoner to prison authorities is treated as the date of filing for statute of limitations purposes.    Plaintiff alleges that his ankle injury and medical treatment all occurred in 2009. ECF No. 6, pp. 3-4. However, his lawsuit was not filed until July 29, 2013. Plaintiff must show cause why his claims should not be dismissed because they are barred by the applicable statute of limitations.

As noted above, Plaintiff may file an amended complaint to cure the deficiencies noted herein. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint. Plaintiff should complete all sections of the Court's form. Plaintiff may attach continuation pages as needed but may not attach a separate

1 document that purports to be his amended complaint. The Court will screen the amended

2 complaint to determine whether it contains factual allegations linking each defendant to the

3 alleged violations of Plaintiff's rights. The Court will not authorize service of the amended

4 complaint on any defendant who is not specifically linked to the violation of Plaintiff's rights.

5 If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned

6 that if the amended complaint is not timely filed or if he fails to adequately address the issues

7 raised herein on or before **September 27, 2013**, the Court will recommend dismissal of this

8 action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under

9 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who

10 brings three or more civil actions or appeals which are dismissed on grounds they are legally

11 frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil

12 action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious

13 physical injury." 28 U.S.C. § 1915(g).

14 **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**

15 **1983 civil rights complaint and for service. The Clerk is further directed to send a copy of**

16 **this Order and a copy of the General Order to Plaintiff**.

17 Plaintiff's motion for extension of time (ECF No. 7) is **DENIED.**

18 **DATED** this 28th day of August, 2013.

_Karen L. Strombom_
Karen L. Strombom
United States Magistrate Judge